Dear Mr. Lachney:
This office is in receipt of your request for an opinion wherein you list several inquiries with respect to the levee districts. The list of inquiries within your opinion request shall serve as the organizational scheme for this response.
Your first inquiry is whether the levee district, through its board of commissioners, may prohibit, limit, or, in any event,control the use of the surface of levees subject to a public servitude, and particularly roads atop levees. The response to this inquiry may be combined with the response to your second inquiry, i.e., whether controlling the use of such areas is subject to the public servitude by motorists, hunters, and pedestrians.
La.R.S. 38:213 states, in pertinent part, as follows:
 no person shall ride, drive, or haul upon the public levees except where, in the judgment of the levee commissioners of a district (emphasis added) and the Department of Public Works, ample provision has been made to guard against any damage to which the levees may thereby be exposed from wear, tear, and abuse.
In addition, La.R.S. 38:213.1 provides that;
 hunting or the discharge of firearms on roads or highways located on public levees or within one hundred feet from the centerline of such roads or highways is hereby prohibited except by law enforcement officers in discharge of their official duties.
Finally, you asked this office to examine the provisions of La.R.S. 38:301(A)(3), which particularly states that,
 along the main line levees of the Mississippi River in Ascension, East Baton Rouge, Iberville, Jefferson, Orleans, St. Charles, St. James, St. John, and West Baton Rouge parishes, levee boards and levee and drainage boards may construct bicycle paths and walkways along the top of the levees. The legal servitude granted to a levee board and a levee and drainage board pursuant to law shall include the construction of bicycle paths and walkways along the top of levees as provided in this Section.
Based on the foregoing statutory provisions, it appears that a levee district's board of commissioners may control the use of levees subject to public servitudes pursuant to La.R.S. 38:213. The legislature has also set forth mandatory prohibitions for hunters and motorists on levees. After examining the provisions of La.R.S. 38:301(A)(3), this office is of the opinion that levee boards for the levees specified within the statute are permitted to provide walkways for pedestrians. As can clearly be noted from the quoted language of the statute, the Red River, Atchafalaya, and Bayou Boeuf Levee District was not among those districts specified, and therefore apparently has not been expressly granted this permissive authority from the legislature. Also, see La.R.S.38:291(M) for specification of the territory contained in the RedRiver, Atchafalaya, and Bayou Boeuf Levee Districts.
Your next inquiry is whether gates and other preclusions to free ingress and egress by the public may be used to completely control traffic on levees by the levee district and land owners. The landowner has a right to limited access to his property through whatever means he deems appropriate even though his land is burdened with levee servitude. In Hathon v. Board ofCommissioners, 218 So.2d. 335 (La.App. 3 Cir. 1969), the landowners had placed fences with gates, which could be locked and unlocked across the levee road. The Levee Board took the position that such fences were obstacles to the efficient maintenance of the levee. The Levee Board would have allowed the fences if cattle guards had been constructed instead of gates. The Third Circuit Court of Appeal agreed with the Levee Board, citing as authority La.R.S.38:225(1):
No person shall:
 Place or cause to be placed upon or within six feet of any part of the levees fronting any waterway subject to the control or surveillance of police juries, levee boards, municipal corporations, or other authorized boards or departments any object, material or matter of any kind or character which obstructs or interferes with the safety of the levees or is an obstacle to the inspection, construction, maintenance, or repair of any levee; or place or cause to be placed any object, structure, material or matter of any kind or character upon any part of any land which the state or any agency or sub- division thereof may own or acquire by deed, lease, servitude or otherwise, and through its authorized representative, may donate, grant or otherwise convey to the United States rights of way, easements or other servitudes for the improvement or maintenance of any natural or other waterway as provided in Section 12 of Article IV of the state constitution, which obstructs or interferes with the improvement or maintenance of such waterway.
The basic principle outlined within this case is that a landowner can regulate the public's use of his property, but may not interfere with or impair the levee board's maintenance duties. See La.Atty.Gen.Op. No. 85-36.
Next, you inquire as to whether the levee district's right of control over privately owned areas of the levee which are subject to public servitudes may be distinguished from that which is exercised over publicly owned areas (owned by the Levee Board) of the levee. There is a difference. La.C.C. Art. 665 provides that servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works. A levee district in taking property for levee purposes acquires only a servitude, and the landowner retains title to the property. La.Atty.Gen.Op. No. 1944-46. It should be noted that an appropriation of land by levee board for levee purposes does not convey a title to the board; nor does payment of the assessed value to the owner operate as a transfer of title. Richardson Bass v. Board of Levee Com'rs of Orleans Levee Dist., 226 La. 761,77 So.2d 32. However, for that land which a levee board has title rather than a servitude, the levee board has complete control.
Your next question is whether the Civil Code or jurisprudential definitions for custom apply in cases where use of the levee road by the public has been historically allowed. La. Civil Code Article 1 provides that legislation and custom are sources of law. Custom results from a practice repeated for a long time, and is generally accepted as having acquired the force of law. However, custom may not abrogate legislation. La. Civil Code, Article 3. The jurisprudence has interpreted the abrogation of legislation. Particularly, the jurisprudence states that legislation cannot be changed, or its application affected, by any local custom. SeeRobertson v. West Marine Fire Insurance Co., 19 La. 227.
Therefore, although custom is a source of law, it does not prevail over positive legislation on the same subject. In essence, historically allowing public use of levee roads will not supercede any limitations placed on said use by legislation.
Finally, you asked if a levee district allows use of its servitude on levees, what duties are assumed by the levee board in terms of maintenance of such roads, general liability for accidents or issues arising from use of such substandard roads, or any other duty placed upon the levee district for allowing use. As noted earlier, the levee board, pursuant to La.R.S. 38:213, is vested with the authority to exercise its judgment for the purposes of protecting the levee road from any wear, tear and abuse. La.R.S. 38:301(A)(1) provides, in pertinent part, that the levee boards and levee and drainage boards of this state may construct and maintain levees, drainage, and levee drainage, and do all other things incidental thereto. It is therefore our opinion that such is the extent of the duty placed on the levee board with respect to its servitude over levee roads.
I trust that this sufficiently responds to your inquiries. If you have any questions and/or additional information becomes necessary, please advise.
Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________ CHARLES F. PERRY ASSISTANT ATTORNEY GENERAL
CCF/CFP/tp